IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Darrell Lewis Sturkey, | ) | C/A No. 0:11-2462-TLW-PJG |
| Petitioner, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| Michael McCall, | ) | |
| Respondent. | ) | |

The petitioner, Darrell Lewis Sturkey ("Sturkey"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 16.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 17.) Sturkey filed a response in opposition. (ECF No. 21.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion should be granted and Sturkey's Petition denied.

**BACKGROUND**

Sturkey was indicted in June 2004 in Greenville County for assault and battery with intent to kill (2004-GS-23-4438), attempted armed robbery (2004-GS-23-4439), and first degree burglary (2004-GS-23-4440). (App. at 316-24, ECF No. 15-11 at 12-20.) Sturkey was represented by Daniel J. Farnsworth, Esquire, and on July 13, 2005, was tried by a jury and found guilty as charged. (App. at 305, ECF No. 15-11 at 1.) The trial judge sentenced Sturkey to twenty years' imprisonment for

first degree burglary, ten years' imprisonment for attempted armed robbery, and twenty years' imprisonment for assault and battery with intent to kill, all sentences to be served concurrently. (App. at 309-10, ECF No. 15-11 at 5-6.) Sturkey properly filed a direct appeal which was dismissed by the South Carolina Court of Appeals following Anders[1] review. Sturkey also filed an application for post-conviction relief ("PCR"), which was denied. Sturkey appealed the PCR court's decision to the South Carolina Supreme Court, which denied his petition for a writ of certiorari.

## FEDERAL HABEAS ISSUE[2]

Having exhausted his state remedies, Sturkey asserts the following issue in the instant Petition for a writ of habeas corpus:

**Ground One:** Ineffective Assistance of Counsel.

**Supporting Facts:** In the Solicitor's closing argument, it was stated that "remember what she said on the stand and how she said it. She was telling the truth." This statement by the Solicitor was made in reference to vouching for the witness's credibility and trial counsel did not object to this improper conduct.

(Pet., ECF No. 1 at 5.)

---

[1] Anders v. California, 386 U.S. 738 (1967). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.

[2] To the extent that Sturkey's response in opposition to the respondent's motion can be construed to raise additional claims, such as challenges to the indictments and the state court's jurisdiction, these claims are not properly before the court, as they were not included in Sturkey's Petition. See, e.g., Bridgeport Music, Inc. v. WM Music Corp., 508 F.3d 394, 400 (6th Cir. 2007) (holding that a party may not expand its claims to assert new theories in response to summary judgment); White v. Roche Biomedical Labs., Inc., 807 F. Supp. 1212, 1216 (D.S.C. 1992) (noting that "a party is generally not permitted to raise a new claim in response to a motion for summary judgment").



# DISCUSSION

A.   **Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g.,

*PJG*

Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Harrington v. Richter, 131 S. Ct. 770, 785 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the



case is being considered on direct review. Id. at 785. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 784 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 786. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C.     Respondent's Motion for Summary Judgment**

A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by



the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Prejudice may be presumed when (1) a defendant is completely denied counsel at a critical stage of his trial, (2) counsel "entirely fails to subject the prosecution's case to a meaningful adversarial testing," or (3) "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." United States v. Cronic, 466 U.S. 648, 659 (1984).

The United States Supreme Court has cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Harrington, 131 S. Ct. 770, 788 (2010). The Court observed that while " '[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 130 S. Ct. 1473, 1485 (2010)). The Court instructed that the standards created under Strickland and § 2254(d) are both " 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (citations omitted). Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

Although the Supreme Court has held that a decision containing a reasoned explanation is not required from the state court, in the case at bar this court has the benefit of the PCR court's



written opinion, certiorari review of which was denied by the South Carolina Supreme Court. See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991) (indicating that when a state appellate court affirms a lower court decision without reasoning, the court may look through the later, unreasoned, summary disposition and focus on the last reasoned decision of the state court). Having reviewed the PCR court's order pursuant to the § 2254 standard, the court finds for the reasons that follow that the state court did not unreasonably misapply the Strickland test in determining that no Sixth Amendment violation occurred.

In his Petition, Sturkey argues that his trial counsel was ineffective by failing to object to a statement that the Solicitor made in closing argument, which Sturkey alleges was improper vouching for witness credibility. Specifically, Sturkey believes that the following comment by the Solicitor to the jury was improper vouching: "Remember what she said on the stand and how she said it. She was telling the truth." (Pet. ECF No. 1 at 5.) To provide context to this statement, the relevant portion of the Solicitor's closing argument was as follows:

> In the defense[']s opening argument they mentioned some things that they wanted you to look at and to take into consideration. And [] part of your job as a juror is to weigh credibility and believability of witnesses. And no doubt Wanda – Wanda's credibility is at issue and your job is to weigh that, but I would submit to you the way you do that, using your every day experience, you deal with people every day, you watched her on the stand. She told you she has a criminal history. She didn't lie about it. She told you very straight up. She told you she's in SCDC. You saw her. She was even in shackles. She told you that she was addicted to crack cocaine when this happened and that she had been addicted for a long, long time, but she told you the truth from that stand yesterday. Has she lied in the past? Sure. She told you the reason she came forward is because she heard a 17 year old boy had gotten shot in the stomach and she wanted to tell the truth, because she didn't know that that shooting was going to happen, but she took responsibility and she came in here and she told you, and she has pled guilty to attempted armed robbery for her actions, and she is guilty under the hand of one, hand of all, and she's pled to it. Her credibility

*PJG*

is at issue, but I submit to you use your everyday experience. Remember what she
said on the stand and how she said it. She was telling the truth.

(App. at 266-67, ECF No. 15-10 at 30-31.)

In rejecting this claim, the PCR court found that the challenged statement was clearly "an argument that the jury should believe the witness" based on the facts before them. (App. at 375, ECF No. 15-11 at 71.) Therefore, the PCR court concluded that the statement did not constitute vouching and as such was not objectionable. (Id.) Accordingly, the PCR court found that Sturkey failed to satisfy the first prong of the Strickland test—that counsel was deficient. The PCR court similarly concluded that Sturkey failed to demonstrate the second prong of the Strickland test—prejudice.

Sturkey disputes the PCR court's determination. "Vouching generally occurs when the prosecutor's actions are such that a jury could reasonably believe that the prosecutor was indicating a personal belief in the credibility of the witness." United States v. Johnson, 587 F.3d 625, 632 (4th Cir. 2009) (citation and quotation marks omitted). "The rule against vouching exists because 'the prosecution's opinion carries with it the imprimatur of the Government and may induce the jury to trust the Government's judgment rather than its own view of the evidence.' " Id. (quoting United States v. Young, 470 U.S. 1, 18-19 (1985)). Upon review of the parties' arguments and the record in this matter, Sturkey has failed to demonstrate that the PCR court erred in determining that the solicitor's comment was not vouching and was not improper. See Young, 470 U.S. at 18-19; Johnson, 587 F.3d at 632; State v. Raffaldt, 456 S.E.2d 390, 393 (S.C. 1995) ("The solicitor has the right to give his version of the testimony and to comment on the weight to be given to the testimony of the defense witnesses. Therefore, although the State cannot 'pit' witnesses during questioning,

it may comment on the credibility of the witnesses in argument."). Accordingly, Sturkey cannot show that counsel's failure to object to the statement was error, much less that it was objectively unreasonable such that it rendered his performance deficient.[3] Therefore, Sturkey cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law as decided by the Supreme Court in determining that trial counsel was not ineffective in failing to object to the statement or that the PCR court made objectively unreasonable factual findings. See Williams, 529 U.S. at 410; 28 U.S.C. § 2254(d), (e)(1); see also Harrington, 131 S. Ct. at 788; Strickland, 466 U.S. at 687.

### RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (ECF No. 16) be granted and Sturkey's Petition be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 11, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[3] Accordingly, the court need not address the second prong of Strickland.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).